UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNEY CLYDE CROSBY,

        Petitioner,                                     Case No. 1:23-cv-11954

v.                                                   Honorable Thomas L. Ludington
                                                      United States District Judge

MATT MACAULEY,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Johnny Clyde Crosby, confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, and a motion to stay his petition while he exhausts his state court remedies. ECF Nos. 1; 3.

The Petition will be held in abeyance so that Petitioner can return to the state court to exhaust additional claims, and the case will be administratively closed.

**I.**

Following a trial in Wayne County Circuit Court, a jury found Petitioner guilty of (1) first degree murder, (2) conspiracy to commit first degree murder; (3) witness bribing, intimidating, or interfering; (4) conspiracy to commit witness bribing, intimidating, or interfering; (5) being a felon in possession of a firearm; and (6) carrying a firearm during the commission of a felony. ECF No. 1 at PageID.1. In 2019, the trial court sentenced Petitioner to life without parole. *Id*. He appealed his conviction and sentence, but it was affirmed by the Michigan Court of Appeals. *See People v. Crosby* No. 350959, 2021 WL 4395275 (Mich. Ct. App. Sept. 23, 2021). The Michigan Supreme

Court then denied his application for leave to appeal, *People v. Crosby*, 973 N.W.2d 133 (Mich. 2022).

Petitioner filed a habeas petition on August 8, 2023. ECF No.1. Petitioner based his habeas petition on the following four grounds: (1) improper joinder with his co-defendant at trial; (2) insufficient evidence; (3) ineffective assistance of counsel; and (4) erroneous jury instructions and improper admission of evidence. *See* ECF No. 1 at PageID.5–10. Currently before this Court is Petitioner's Application to Hold Federal Habeas Petition in Abeyance Pending Exhaustion of Issues in State Court, filed by Petitioner on August 8, 2023. ECF No.3. Petitioner states that if granted a stay and abeyance he "will file[] a motion for relief from judgment in the 3rd Circuit Court for the county of Wayne, Michigan . . . ." ECF No. 3 at PageID.26.

II.

A federal district court has the authority to stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77–79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *See also Bowling v. Haeberline,* 246 F. App'x. 303, 306 (6th Cir. 2007) (unpublished) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk*, 299 F. 3d at 83); *See also Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). Although there is no absolute prohibition against a district court dismissing a fully exhausted habeas petition because of the pendency of unexhausted claims in state court, for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be a compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F.3d at 82 (internal quotation omitted); *See also Bowling,*

246 F. App'x. at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

The outright dismissal of the petition, albeit without prejudice, might preclude the consideration of Petitioner's claims in this Court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common justification for holding a habeas petition in abeyance arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

Other factors justify holding the petition in abeyance while Petitioner returns to the state court to exhaust his new claims. In particular, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas,* 89 F. Supp. 3d at 942 (citing 28 U.S.C. § 2244(b)(2)). Moreover, "[I]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

### III.

The issues at hand weigh in favor of a stay. This Court is currently unable to determine whether Petitioner's new claims have any merit. This Court cannot conclude that Petitioner's claims are "plainly meritless." *Thomas,* 89 F. Supp. 3d at 943. This Court also cannot conclude, at

this time, that Petitioner's new claims plainly warrant habeas relief. *Id.* If the state courts deny post-conviction relief, this Court could still benefit from the state courts' ruling on these claims in determining whether to permit Petitioner to amend his petition to add these claims. *Id.* Finally, Respondent will not be prejudiced by a stay, whereas the Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [Petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his her claims. *Thomas,* 89 F. Supp. 3d at 943.

Where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that there are no delays by Petitioner in exhausting state court remedies, this Court imposes time limits within which Petitioner must proceed with state court proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).[1] ). Petitioner must present his claims in a postconviction motion for relief from judgment with the state trial court within 60 days of the date of this Order. See *id*. Petitioner must also ask this Court to lift the stay within 60 days of exhausting his state court remedies. See *id.* "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

---

[1] Petitioner can exhaust his claims by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court pursuant to M.C.R. 6.500, *et. seq.,* and by appealing the denial of the motion to the Michigan Court of Appeals and the Michigan Supreme Court. *See, e.g.*, *Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009); *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

## IV.

Accordingly, it is **ORDERED** that Petitioner's Motion to Hold Federal Habeas Petition in Abeyance Pending Exhaustion of Issues in State Court, ECF No. 3. is **GRANTED.** Petitioner must file a motion for relief from judgment in state court within **sixty (60)** days of receipt of this Order.

Further, it is **ORDERED** that Petitioner is **DIRECTED** to notify this Court in writing that such motion has been filed in state court. If Petitioner fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original Petition. After Petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within **sixty (60) days** after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so may result in the Court lifting the stay and adjudicating the merits of claims raised in Petitioner's original Habeas Petition.

Further it is **ORDERED** that the Clerk of Court **is DIRECTED** to **ADMINISTRATIVELY CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F. Supp. 3d at 943–944.

Further, it is further **ORDERED** that, upon receipt of a motion to reinstate the Habeas Petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated: August 14, 2023                                   s/Thomas L. Ludington
                                                         THOMAS L. LUDINGTON
                                                         United States District Judge