**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JOHNNY CLYDE CROSBY,

Petitioner,

v.

Case No. 1:23-CV-11954
District Judge Michael C. Martin

CHRIS KING,

Respondent,
_____________________________________/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Johnny Clyde Crosby, confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first-degree murder, conspiracy to commit first-degree murder, witness bribing, intimidating, or interfering, conspiracy to commit witness bribing, intimidating, or interfering, being a felon in possession of a firearm, and carrying a firearm during the commission of a felony (felony-firearm), second offense.

Respondent filed a motion to dismiss the petition on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). For the reasons stated below, the petition for a writ of habeas corpus will be dismissed with prejudice pursuant to 28 U.S.C. § 2244(d)(1).

## I. BACKGROUND

Petitioner was convicted by a jury in the Wayne County Circuit Court. The Michigan Court of Appeals affirmed Petitioner's conviction on his appeal of right. *People v. Crosby*, No. 350959, 2021 WL 4395275 (Mich. Ct. App. Sept. 23, 2021). Direct review of Petitioner's conviction ended in the state courts on May 3, 2022, when the Michigan Supreme Court denied Petitioner leave to appeal. *People v. Crosby*, 973 N.W.2d 133, 134 (Mich. 2022).

Petitioner's petition is signed and dated August 2, 2023.[1] That same day, Petitioner filed an application to stay the proceedings so that he could return to the state courts to exhaust additional claims. The original judge assigned to this case, Judge Thomas L. Ludington, agreed to stay the case and hold it in abeyance so that Petitioner could return to the state courts to exhaust these additional claims. *Crosby v. Macauley*, No. 1:23-CV-11954, 2023 WL 5806154 (E.D. Mich. Aug. 14, 2023). Judge Ludington imposed several conditions upon Petitioner as part of the stay order. Specifically, Petitioner was required to file his state post-conviction motion for relief from judgment with the trial court within 60 days of the Court's order. Petitioner was also directed to notify the Court in writing that his post-conviction

---

[1] Under the prison mailbox rule, this Court will assume that Petitioner filed his habeas petition on August 2, 2023, the date that it was signed and dated. *See Towns v. United States,* 190 F. 3d 468, 469 (6th Cir. 1999).

motion had been filed in state court. *Id.* at *3. Significantly, the order warned: "If Petitioner fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original Petition." *Id.*

On March 10, 2026, this case was transferred to District Judge Robert J. White. On March 18, 2026, Judge White lifted the stay, indicating: "Seemingly, Petitioner's state issues have been resolved." (ECF No. 10.)

On March 19, 2026, Magistrate Judge David R. Grand signed an Order of Responsive Pleadings, directing that the original petition be served upon the Respondent and that an answer be filed by September 24, 2026. (ECF No. 12.)

On April 6, 2026, Judge White denied petitioner's motion to continue the stay, on the ground that he failed to comply with the conditions of Judge Ludington's order in that until filing his motion to continue the stay, Petitioner never informed the Court that he had filed his post-conviction motion with the trial court. Judge White also noted that it appeared from the Wayne County Circuit Court docket sheet for Petitioner's state criminal case that Petitioner did not file his motion for relief from judgment with the trial court until November 1, 2023, which was more than 60 days after Judge Ludington issued the stay order. (ECF No. 15.)

On September 24, 2026, Respondent filed a motion to dismiss the petition for writ of habeas corpus as untimely under the one-year statute of limitations. (ECF No. 17.)

## II. DISCUSSION

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *See also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007); *See also Elliott v. Mazza*, No. 18-6106, 2019 WL 1810920, at *1–2 (6th Cir. Jan. 8, 2019) (denying the petitioner's request for a certificate of appealability where the district court properly dismissed petition on statute-of-limitations grounds under Habeas Rule 4).

28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009).

The Michigan Supreme Court denied Petitioner's application for leave to appeal on May 3, 2022. However, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) did not start running on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but never files a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment became final on August 1, 2022, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F.Supp.2d 834, 835 (E.D. Mich. 1998).

The limitations period in Petitioner's case expired on August 1, 2023, the "anniversary" of the date his conviction became final. *Moss v. Miniard*, 62 F.4th 1002, 1010 (6th Cir. 2023) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000)). This calculation comes from Federal Rule of Civil Procedure 6(a), which "instructs that, 'in computing the applicable period, the day of the relevant event is the zero point from which days are to be counted.'" *Id.* at 1009 (quoting *Merriweather v. City of Memphis*, 107 F.3d 396, 399 (6th Cir. 1997)). Thus, "although the AEDPA limitations period is triggered on the day of finality, the clock begins to run the following day." *Id*. Petitioner's conviction became final on August 1, 2022, and the limitations period began to run the next day, August 2, 2022. The limitations period in Petitioner's case ended on August 1, 2023, the anniversary of the day of finality. *Moss*, 62 F.4th at 1010. Petitioner's habeas petition is untimely because it was filed one day later, on August 2, 2023. *Id.*

The Court recognizes that Petitioner filed his habeas petition only one day after the limitations period expired. However, "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted); s*ee also Vroman v. Brigano*, 346 F.3d 598, 602-04 (6th Cir. 2003) (filing of state postconviction relief petition could not statutorily toll one-year limitations

period for habeas relief where state court determined that state petition was untimely, and thus not "properly filed," even if petition was only one day late); *Moss*, 62 F.4th at 1010 (petitioner's state court motion for collateral relief did not toll the limitations period under § 2244(d)(2) because it was filed one day after the limitations period expired).

The Court is aware that on November 1, 2023, Petitioner filed a post-conviction motion for relief from judgment with the state court, but this was after the limitations period expired. A state court post-conviction motion that is filed after the limitations period expired does not toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period left to be tolled. *See Jurado*, 337 F.3d at 641; *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002). In addition, § 2244(d)(2)'s tolling provision cannot "revive" the limitations period but can only "pause a clock that has not fully run." *Vroman,* 346 F.3d at 602 (internal quotation omitted).

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner is not entitled

to equitable tolling of the one-year limitations period because he has not provided the Court with any circumstances that would warrant it. *See Giles v. Wolfenbarger,* 239 F. App'x 145, 147 (6th Cir. 2007). The Court's own review of the record shows no extraordinary circumstances that would justify equitable tolling.

The one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329).

Petitioner in his second claim alleges the evidence was insufficient to convict. However, for purposes of tolling the limitations period, "actual innocence means factual innocence, not mere legal insufficiency." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). "This means that a petitioner may not pass through the equitable gateway by simply undermining the state's case. Rather, he must demonstrate that he *factually* did not commit the crime." *Hubbard v. Rewerts*, 98 F.4th 736, 743 (6th Cir. 2024) (emphasis original). Petitioner's insufficiency of evidence claim does

not meet the actual innocence exception for purposes of tolling the statute of limitations period. *See Redmond v. Jackson,* 295 F.Supp.2d. 767, 773 (E.D. Mich. 2003); *Grayson v. Grayson,* 185 F.Supp.2d 747, 752 (E.D. Mich. 2002).

Petitioner's third claim alleges that trial counsel was ineffective for advising him to withdraw an alibi defense. Petitioner provides no details about this proposed alibi defense or the names of proposed alibi witnesses. This Court, as discussed below, reviewed Petitioner's state court pleadings and he did provide some affidavits and other statements from his purported alibi witnesses with those pleadings. The Sixth Circuit has noted that the "failure to call alibi witnesses suggests legal insufficiency," as opposed to factual innocence, for purposes of determining whether to excuse the untimely filing of a habeas petition. *Bell v. Howes*, 703 F.3d 848, 855 (6th Cir. 2012).

In any event, Petitioner's alleged alibi does not provide convincing proof that he is actually innocent of these crimes, so as to excuse the untimely filing of his petition. First, Petitioner expressly waived presenting these alibi witnesses at trial after an extensive on the record colloquy between the Court, Petitioner's counsel, and Petitioner. Petitioner acknowledged that he agreed with counsel's recommendation to waive these witnesses and forego an alibi defense. (ECF No. 18-13, PageID. 792-94.) Petitioner's purported alibi evidence is "troublesome for a number of reasons, not the least of which is the fact that [Petitioner] expressly

waived his right to have" these witnesses testify at his trial. *Turner v. Romanowski*, 409 F. App'x 922, 929 (6th Cir. 2011).

Second, two of Petitioner's purported alibi witnesses are his now wife Tracey Bryant and her daughter Carrie Burks, although Bryant appears to have been Petitioner's girlfriend at the time of the shooting and they were apparently living together. The two affidavits are signed and dated September 9, 2021. (ECF No. 18-16, PageID. 941, 942, 946, 950, 952.) Affidavits from family members that are created after trial are subject to obvious impeachment and therefore fall "far short of the sort of extraordinary showing" needed to establish actual innocence. *Freeman v. Trombley*, 483 F. App'x 51, 60 (6th Cir. 2012); s*ee also Milton v. Secretary, Dep't of Corr.,* 347 F. App'x 528, 531-32 (11th Cir. 2009).

Bryant's credibility is also undermined because of what she told a detective when interviewed on July 24, 2019. Although she claimed that Petitioner was her boyfriend, when asked if she knew what he was locked up for, Bryant replied "I don't really know the charges but I know they saying he killed someone." (ECF No. 18-21, PageID. 2073.) When asked what she knew about the situation, she replied: "Nothing." (*Id.*). Bryant did say she agreed to be an alibi witness after being asked by Petitioner and his lawyer to do so. (*Id.*, PageID. 2074.) Bryant's statement to the police that she knew nothing about the case could be viewed as evasiveness, and a reasonable jury would certainly be justified in rejecting her

testimony. After all, it strains credulity to think that the live-in girlfriend of a man charged with murder and several other serious crimes would know "nothing" about the case, or any details about the offense, charges, or allegations.

Petitioner in his post-conviction motion also provided affidavits from his neighbors Patrick Howard and Gwen Watkins, dated September 25, 2021, in which they claim to have been with Petitioner and Bryant on the day of the shooting. (ECF No. 18-16, PageID. 951, 953-57.) However, Petitioner also attached to his post-conviction motion a police interview conducted with Howard and Watkins on July 20, 2019, in which both informed a detective that "they had not talked nor agreed to be an alibi witness for Johnny Crosby." (ECF No. 18-16, PageID. 945.) The police report also states: "When asked if they could recall any particular day that they were with Johnny Crosby back in February 2018 they both stated that could not remember that far back. Further Gwendolyn Watkins stated that a couple of months back she had an altercation with neighbors which led to her having strokes and suffering from memory loss." (*Id.*). In light of this prior statement to the police, Howard and Watkins' affidavits, signed some two years later, do not establish that Petitioner is actually innocent for purposes of equitable tolling.

In short, this Court "cannot say" that Petitioner's alibi evidence "would have satisfied the high bar for demonstrating factual innocence" so as to excuse the untimely filing of the petition. *Bell*, 703 F.3d at 855.

## III. CONCLUSION

Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and the statute of limitations precludes federal review of the petition. Accordingly, Respondent's motion to dismiss will be granted and the petition is dismissed with prejudice.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.* "The district court must issue or deny a certificate of appealability

when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court denies Petitioner a certificate of appealability because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one-year limitations period. *Grayson,* 185 F.Supp.2d at 753.

## IV. ORDER

Accordingly, the Court **GRANTS** Respondent's motion to dismiss (ECF No. 17) and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability.

s/Michael C. Martin
HON. MICHAEL C. MARTIN
United States District Judge

DATED: November 16, 2026